IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff<br>vs<br>**1) ANDY WILLIAMS MANGUAL-GARCIA**<br>a/k/a Andy, a/k/a A<br>Counts One and Two<br>2) GILBERTO VILLANUEVA-RIVERA<br>a/k/a El Manco<br>Counts One and Two<br>3) CARLOS ESCOBAR RIVERA<br>Count One<br>4) IRVIN CARABALLO-TORRES<br>a/k/a Gordo<br>Counts One and Two<br><br>Defendants | CRIMINAL 04-0079CCC |

**ORDER**

Before the Court are the Objections to Presentence Report filed by defendant Andy Mangual-García on August 1, 2005 (**docket entry 304**), which the United States opposed on August 2, 2005 (**docket entry 306**). While they are belated, as defendant admits in his motion having received an amended copy of the Pre-Sentence Report on July 15, 2005, the Court will consider them.

Defendant's central objection to the guideline calculations recommended in his Pre-Sentence Report (PSR) is that these were based on facts which the jury did not determine. As the jury only found that he conspired to possess with intent to distribute 5 or more kilograms of cocaine, defendant claims that is the only fact which may be used to determine the applicable guideline calculations. Defendant is mistaken. The jury finding on the amount of drugs only serves to determine the applicable statutory maximum, in this case life as to Count One and 40 years as to Count Two. See e.g. United States v. Soto-Beníquez, 356 F.3d 1, 48 (1st Cir. 2004). It does not preclude the Court's determination of any applicable sentencing adjustments under the advisory guidelines as long as the resulting guideline

CRIMINAL 04-0079CCC                           2

sentencing range does not exceed the above-mentioned statutory maximums.

Turning to the specific objections to the guideline calculations, we address first the challenge to the drug amount attributed to defendant Mangual-García. It is axiomatic that drug quantity is to be derived from all acts "that were part of the same course of conduct or common scheme or plan as the offense of conviction." USSG § 1B1.3(a)(2). "The essential inquiry is not what the defendant knew but what acts were reasonably foreseeable by him." United States v. Santos, 357 F.3d 136, 140 (1st Cir. 2004). The Court need only support a drug-quantity determination by a preponderance of the evidence. United States v. Sepúlveda, 15 F.3d at 1161, 1198 (1st Cir. 1993). In this regard, the Court has reviewed its trial notes on the testimony of cooperating witness Luis Oscar Escobar-López, who testified extensively on the modus operandi of the conspiracy of which defendant Mangual-García was part. His testimony established that the conspiracy was successful in transporting in excess of 50 kilos of cocaine from Puerto Rico to the mainland on commercial flights by placing the drugs on fruit baskets or wrapped as gifts inside trash cans on the planes' bathrooms, and that said amount was reasonably foreseen by defendant Mangual as in most of the shipments he was the co-conspirator who provided the drugs. Thus, the US. Probation Officer's determination that the conspiracy involved at least 50 kilograms, warranting a base offense level of 36, is clearly supported by the record.

As to defendant's role in the offense, the U.S. Probation Officer concluded that defendant "was the leader of a criminal activity that was extensive", PSR at ¶ 24, awarding him a four level upward adjustment under U.S.S.G. § 3B1.1(a). Again, the testimony of Escobar-López confirms that Mangual-García had at least an organizational role, as he obtained the drugs, had a larger share of the profits, and his extensive activity within the conspiracy evinced an increased degree of relative responsibility. In addition, the criminal activity involved at least five participants: Mangual-García, Escobar-López, Antonio Vélez-García, and co-defendants Gilberto Villanueva-Rivera and Irvin Caraballo-Torres. Thus, the adjustment under § 3B1.1(a), albeit based on different grounds, is plainly warranted.

For the reasons stated, the Objections to Presentence Report filed by defendant Andy

CRIMINAL 04-0079CCC                3

Mangual-García (docket entry 304) are OVERRULED.

    SO ORDERED.

    At San Juan, Puerto Rico, on August      , 2005.

                                   CARMEN CONSUELO CEREZO
                                   United States District Judge